ROBERT HERBERT CRUME, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crume v. Commissioner
Docket No. 617-81
United States Tax Court
T.C. Memo 1982-641; 1982 Tax Ct. Memo LEXIS 99; 45 T.C.M. (CCH) 39; T.C.M. (RIA) 82641; November 8, 1982. Robert Herbert Crume, pro se. Alan J. Pinner, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned for trial to Special Trial Judge Darrell D. Hallett, pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his report, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency in petitioner's 1977 Federal income tax in the amount of $549. The issue for decision is whether petitioner is entitled to head of household filing status for the taxable year 1977. Petitioner resided in West Covina, California at the time the petition was filed. During the tax year *100 1977, petitioner resided in La Puente, California. His ex-wife, from whom he was separated and living apart during the tax year 1977, resided in West Covina in an apartment. The two children of petitioner and his ex-wife resided with their mother in the West Covina apartment during the entire taxable year. Petitioner provided over one-half of the support for the two children for the year 1977. On his 1977 return, petitioner claimed dependency exemptions for the two children and he claimed head of household filing status. Although in the notice of deficiency respondent disallowed petitioner the dependency exemption for one daughter, respondent now concedes this issue, but maintains that the notice of deficiency correctly determined that petitioner is not entitled to head of household filing status. Under section 2(b), [1] insofar as applicable to this case, in order to qualify as head of household, an individual must maintain as his home a household which constitutes the principal place of abode of the individual's children. The statute is explicit in the requirement that the children have as their principal place of abode a household maintained by the taxpayer as his home, in *101 addition to the requirement that the children qualify as dependents of the taxpayer. It is undisputed in this case that petitioner's two children had as their principal place of abode their mother's home, which was separate and apart from petitioner's home. Accordingly, we must sustain respondent's determination. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩